UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. H-11-3392 |
| § | |
| BP EXPLORATION & PRODUCTION INC., et al., § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Stay of Proceedings and Suspension of all Responsive Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation ("Motion") (Doc. No. 6). After considering the Motion, all responses thereto, and the applicable law, the Court finds that Defendants' Motion should be granted.

### I. BACKGROUND

Plaintiff Halliburton Energy Services, Inc. ("Plaintiff" or "HESI") filed this lawsuit in Texas state court, asserting claims for (1) negligent and grossly negligent misrepresentation; (2) defamation, common law libel, and slander; and (3) business disparagement. Plaintiff sued BP Exploration and Production, Inc. ("BP Exploration"), BP America Production Company ("BP America"), and BP p.l.c. (collectively "Defendants" or "BP"). Defendants removed the case to this Court on September 16, 2011. (Doc. No. 1.)

1

This case is one of hundreds of state and federal lawsuits arising out of the fire, explosion, and sinking of the *Deepwater Horizon* rig on April 20, 2010. The Judicial Panel on Multidistrict Litigation (JPML) has ordered the transfer of over 300 of these cases to the Eastern District of Louisiana to be consolidated into *In re: Deepwater Horizon Incident Litig.*, MDL Doc. No. 2179. On September 19, 2011, Defendants asked the JPML to transfer this case for consolidation into MDL 2179. The JMPL issued Conditional Transfer Order 35 (CTO-35) on September 28, 2011, expressing its intention to transfer this action to MDL 2179 because "[i]t appears that the action[] . . . involve[s] questions of fact that are common to the actions previously transferred." (CTO-35, Doc. No. 6-5.) The JPML should issue its final order on transfer later this month.

Plaintiff asserts that Defendants "misrepresented . . . the location and composition of hydrocarbon-bearing sands in the Macondo Well and that BP made false statements relative to the sands and HESI to the public at large and to various investigating bodies following the April 20, 2010 Incident." (Resp. ¶ 10.) Plaintiff claims that this lawsuit is "at best, tangentially related to other cases" consolidated in MDL 2179, as this case "solely concerns BP's post-Incident actions and the business damages caused to HESI as a result thereof." (*Id.* ¶ 1.)

Plaintiff previously tried to raise substantially identical claims before the MDL 2179 court against the same Defendants. (Halliburton Energy Service Inc.'s Opposed Motion for Leave to File Second Amended Cross-Claim, Doc. No. 6-4.) Its motion for leave to amend its complaint was denied by Magistrate Judge Shushan and Judge Barbier as untimely under the court's scheduling order. (Doc. Nos. 4267, 4956, *In re: Deepwater Horizon Incident Litig.*, 2:10-md-2179, E.D. La.)

## II. LEGAL STANDARD

"The pendency of a . . . conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L.R.P. 2.1(d). A district court has the inherent power to stay its proceedings, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.,* 299 U.S. 248, 254 (1936). The issuance of a stay is a matter "within the sole discretion of the transferor judges." *In re Air Crash Disaster at Paris, France, on March 3, 1974*, 376 F. Supp. 887 (J.P.M.L. 1974).

In cases where a motion to remand is currently pending, many courts determine whether to rule on the motion to remand or stay the case according to the three-step procedure set out in *Meyers v. Bayer AG,* 143 F. Supp. 2d 1044 (E.D. Wis. 2001). *See* 15 Charles A. Wright, et al., Federal Practice & Procedure § 3866.1 (3d ed. 2007) (citing cases); *see also Curtis v. BP America, Inc.*, --- F. Supp. 2d ----, 2011 WL 3099882, at *1 (S.D. Tex. 2011); *Meinhart v. Halliburton Energy Services, Inc.*, Civ. A. No. H-11-0073, 2011 WL 1463600, at *2 (S.D. Tex. Apr. 4, 2011). A court should first make a preliminary assessment of the jurisdictional issue, and it should remand if its "preliminary assessment suggests that removal was improper." *Meyers*, 143 F. Supp. 2d at 1048–49. "If, on the other hand, the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred

to the MDL proceeding." *Id.* at 1049. The court should allow the transferee court to decide the jurisdictional issues if it would further judicial economy and consistency. *Id.* "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Id.* Courts traditionally determine whether a stay is appropriate by weighing: (1) the judicial resources saved by avoiding duplicative litigation; (2) hardship to the moving party if a stay is not granted; and (3) potential prejudice to the non-moving party. *Id.*; *see also La. Stadium & Exposition Dist.*, Civ. A. No. 09-235, 09-2738, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009).

### III. ANALYSIS

The Court finds that a stay is appropriate under the three-step test outlined in *Meyers*. The Motion to Remand presents "factually [and] legally difficult" issues. *Meyers*, 143 F. Supp. 2d at 1049. Plaintiff's Motion to Remand is similar to the motion in *Curtis*, as Plaintiff also argues that OCSLA does not provide a basis for removal, and that, if there is a basis for removal, the forum-defendant rule prevents it. *Curtis*, 2011 WL 3099882, at *1. As the court noted in *Curtis*, "no Fifth Circuit precedent speaks to the OCSLA removal, and the Fifth Circuit has twice referred to the issue as a 'conundrum.'" *Id.* at *3; *see also Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 351 (5th Cir. 1999); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 156 (5th Cir. 1996).

As in *Curtis* and *Meinhart*, a stay is appropriate "[b]ecause other cases consolidated before the MDL court in New Orleans present[] similar removal issues and because the delay until the JPML determined whether to stay the case [will] be minimal."

*Curtis*, 2011 WL 3099882, at *3 (citing *Meinhart*, 2011 WL 1463600, at *7–8).  In fact, Plaintiff cites orders issued in MDL 2179 in support of the arguments urged in its Motion to Remand.  (*See* Mot. to Remand, Doc. No. 8, at 15 n.6, 16 n.7 ("Judge Barbier has already determined that such activities are governed by general maritime law."), 17 (arguing that the Court should apply Judge Barbier's interpretation of 28 U.S.C. § 1441(b)).)

Plaintiff argues that no judicial resources will be saved with consolidation of the cases.  However, the Court is not deciding whether to transfer this case, but merely determining whether or not a short stay is appropriate while awaiting the JPML decision.  As noted above, Judge Barbier is familiar with the legal issues raised in this case, and he already considered Plaintiff's factual claims in the context of Plaintiff's motion for leave to amend in MDL 2179.  Thus, a stay would serve the interests of judicial economy.

Plaintiff also argues that no hardship will result to Defendants if this Court considers Plaintiff's Motion to Remand prior to the JPML's ruling on transfer.  (Resp. ¶ 28.)  However, the Court must consider hardship resulting from not only the Motion to Remand.  *See Falgoust v. Microsoft Corp.*, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts."); *Meinhart*, 2011 WL 1463600, at *7 ("[I]f this court does not stay the litigation, BP will be forced to conduct discovery . . . in addition to following the orders of the MDL court and any other court with DEEPWATER HORIZON litigation pending before it.")

Finally, Plaintiff claims that it will be prejudiced by a stay because "it is entitled to a decision on its remand motion."  (Resp. ¶ 26.)  This case will be heard at the JPML

5

hearing next week, and its final decision should be issued shortly.  The Motion to Remand has been briefed fully by both parties, and Judge Barbier has indicated that he will rule expeditiously on motions to remand in transferred cases.  *See Trahan v. BP*, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010).  If the case is not transferred, this Court will decide the Motion to Remand promptly.

### IV. CONCLUSION

For the reasons discussed in this order, Defendants' Motion to Stay (Doc. No. 6) is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 18th day of January, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE